UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOHN GREGORY LAMBROS,    Case No. 19-cv-1870 (MJD/ECW)

    Plaintiff,

v.    **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA and
UNITED STATES BUREAU OF
PRISONS,

    Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss ("Motion"). (Dkt. 22.) This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Defendants' Motion to Dismiss be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The operative Complaint alleges in relevant part as follows: Plaintiff John Gregory Lambros ("Lambros"), was detained in Brasilia, Brazil pursuant to August 21, 1989 United States Parole Commission ("USPC") Parole Violator Warrant ("1989 Warrant"). (Dkt. 1 ¶ 5.) While in the custody of Brazilian authorities, Lambros claims that he was "placed within a depatterning cell with brain control implants that monitor and control Movant's mental function, thoughts [sic] deeds to this day." (Dkt. 1 ¶ 6.) Lambros asserts that he was informed that the parole violation that was the basis of the 1989 Warrant was not a crime in Brazil and that he would not be extradited based on this

violation. (Dkt. 1 ¶ 7.)

On April 30, 1992, the Brazilian Supreme Court ordered the extradition of Lambros to the United States in the case *United States v. Lambros*, 89-CR-82 (D. Minn.), to face charges of conspiracy to possess and distribute more than five kilograms of cocaine and three counts of possession with intent to distribute cocaine and aiding and abetting in such possession. (Dkt. 1 ¶ 9.) However, Lambros was not extradited with respect to the count of travel in interstate commerce in carrying out illegal activity. (Dkt. 1 ¶ 9.) In addition, he was not extradited on the 1989 Warrant. (Dkt. 1 ¶¶ 10, 23, 31.)

In 1993, a jury convicted Lambros of four cocaine-related offenses, including a conspiracy count. *See United States v. Lambros*, 404 F.3d 1034, 1035 (8th Cir. 2005). On appeal, the Eighth Circuit vacated the sentence on the conspiracy count, remanded for resentencing, and affirmed the conviction in all other respects. *See United States v. Lambros*, 65 F.3d 698, 702 (8th Cir. 1995), *cert. denied*, 516 U.S. 1082 (1996). Lambros was sentenced to a 360-month prison term. *See Lambros*, 404 F.3d at 1035.

On September 14, 1994, the USPC ordered that the 1989 Warrant remain in place. *See Lambros v. United States*, No. 95-3502-JWL, 1997 WL 94235, at *2 (D. Kan. Feb. 13, 1997).

On June 23, 2017, Lambros claims to have filed a Petition for Writ of Mandamus, placing the United States Bureau of Prisons ("BOP") on notice that he was not extradited on the 1989 Warrant and it that was preventing his release from BOP custody. (Dkt. 1 ¶ 34.) However, the court in that action noted in its decision that "[t]he plaintiff recently summarized his action for mandamus relief as asking the court to order the Bureau of

2

Prisons ('BOP') to have him transferred 'back to the United States Penitentiary in Leavenworth ('USP Leavenworth') at the conclusion of his parole-revocation hearing' and 'back to his treating physician' for his 'prescribed cancer treatment.'" *Lambros v. English*, No. 17-3105-SAC-DJW, 2017 WL 4284969, at *1 (D. Kan. Sept. 27, 2017).

Lambro also asserts that sometime on July 4, 2017, he completed the required 85 percent of his 30-year sentence related to the crime for which he was extradited, and would have started his supervised release if not for the 1989 Warrant. (Dkt. 1 ¶¶ 15, 39.) On July 3, 2017, Warden John B. Fox, Oklahoma BOP Federal Transfer Center, arrested Lambros on the 1989 Warrant. (Dkt. 1 ¶ 40.) Lambros also claims that if not for the 1989 Warrant, he would have been entitled to participate in a residential drug abuse program that would have entitled him to release on July 4, 2015 and that it also precluded his pre-release into a halfway house on July 4, 2016. (Dkt. 1 ¶¶ 16-17.)

On October 12, 2017, the USPC held a revocation hearing on the special parole violation regarding the 1989 Warrant. (Dkt. 1 ¶ 41.) On October 26, 2017, the USPC issued a notice of action finding that none of the time that he had previously spent on parole would be credited. (Dkt. 1 ¶ 42; Dkt. 1-1 at 1.)[1]

On November 13, 2017, Lambros filed a Federal Tort Claim against the BOP for $20 million for false imprisonment and unlawful detention based on his July 3, 2017 arrest on the 1989 Warrant. (Dkt. 1 ¶ 51; Dkt. 1-1 at 48.) The claim was denied at the administrative level, as he had not alleged a loss caused by the negligence of an employee of the United States acting within the scope of employment. (Dkt. 1-1 at 50.) Lambros

---

[1]     All page numbers refer to the CM/ECF pagination unless otherwise indicated.

3

appealed this decision again asserting that he was illegally arrested by Warden Fox based the 1989 Warrant. (Dkt. 1-1 at 53.)

On February 27, 2018, Lambros was able to secure a finding by the Parole Commission that the Rule of Specialty applied to him and his sentence on his offenses from the 1970s had expired.[2] (Dkt. 1 ¶¶ 58, 66; Dkt. 1-1 at 39.)

In Count 1 of the Complaint, Lambros asserts a claim for "False Arrest and/or False Imprisonment in Violation of Federal and District of Columbia - Common Law Tort." (Dkt. 1 at 19.) The alleged basis for this Count is that from May 17, 1991 and continuing to about February 27, 2018, and/or until this Court orders injunctive relief to correct Defendants' fraud, Defendants engaged in patterns of fraudulent, deceptive and otherwise improper legal practices through misrepresentations, omissions, and false innuendo, violating the rule of specialty contained in the Treaty between the United States and Brazil, which prohibits indiscriminate prosecution by a receiving government. (Dkt. 1 ¶¶ 58-59.) Lambros relies on his argument that the Brazil Supreme Court did not grant extradition on the 1989 Warrant, as a parole violation is not a crime in Brazil. (Dkt. 1 ¶ 62.) According to Lambros, the 1989 Warrant has caused his illegal false imprisonment, which he claims the USPC admits was illegal, as he should not have been arrested under the 1989 Warrant. (Dkt. 1 ¶ 65.) Lambros claims that the 1989 Warrant

---

[2]    The "rule of specialty", adopted by the Supreme Court in *United States v. Rauscher*, 119 U.S. 407, 422-23 (1886), provides that "a defendant may only be tried in the requesting country for the offense for which extradition was granted." *Graham v. Young*, 886 F.3d 700, 702 (8th Cir. 2018).

4

also caused him to lose the opportunity to participate in the Residential Drug Abuse Program, which would have resulted in his release from incarceration as early as July 4, 2015. (Dkt. 1 ¶¶ 17, 64, 67.)

Lambros seeks declaratory judgment stating that Defendants United States of America ("United States") and the BOP violated the Treaty of Extradition by committing the acts of false arrest and false imprisonment by detaining, arresting, convicting, and incarcerating Lambros on the 1989 Warrant. (Dkt. 1 ¶ 69.) Lambros seeks $20,000,000 from Defendants for his false arrest and imprisonment. (Dkt. 1 ¶ 71.)

Lambros initiated this action on May 29, 2018 in the United States District Court for the District of Columbia. (Dkt. 1.) At the time he filed the Complaint, Plaintiff had been confined in a Residential Reentry Center in Minneapolis Minnesota. (Dkt. 1 ¶ 35.) Defendants subsequently moved to dismiss the Complaint, including on the same basis as the present Motion: (1) improper service; (2) sovereign immunity; and (3) mootness. (Dkt. 10.) Defendants also moved for dismissal on the basis of improper venue. (Dkt. 10.) On July 25, 2018, Lambros notified the District of Columbia that he was residing at a residential address in Minnesota. (Dkt. 2.) On June 24, 2019, United States District Judge Timothy J. Kelly of the District of Columbia transferred the action to the District of Minnesota, but did not otherwise rule on the merits of the motion to dismiss. (Dkt. 17.)

On February 12, 2020, the Court issued an Order directing Defendants to re-file any aspects of the earlier motion to dismiss to the extent Defendants sought that relief after transfer. (Dkt. 21.) In the present Motion, Defendants seek dismissal of Lambros'

5

Complaint for (1) improper service; (2) sovereign immunity; and (3) mootness. (*See* Dkts. 22-23.)

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks and citations omitted). Thus, subject matter jurisdiction "is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge whether the court has subject matter jurisdiction to hear the matter. *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008). When considering a Rule 12(b)(1) motion, a district court may consider matters outside the pleadings. *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

When deciding a Rule 12(b)(1) motion, the Court must first "distinguish between a 'facial attack' and a 'factual attack.'" *Osborn*, 918 F.2d at 729 n.6 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In contrast, in a

factual attack, the court makes "inquiries into and resolves factual disputes," *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002), and is free to "consider[ ] matters outside the pleadings," *Osborn*, 918 F.2d at 729 n.6.  The nonmoving party in a factual challenge does not enjoy the benefit of Rule 12(b)(6) safeguards.  *Id.*  "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate."  *Biscanin v. Merril Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

Federal Rule of Civil Procedure Rule 12(b)(5) allows a party to move to dismiss a complaint for insufficient service of process.  The standard of review for a Rule 12(b)(5) motion to dismiss is the same as that used for a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.  *See Disability Support All. v. Billman*, No. CV 15-3649 (JRT/SER), 2016 WL 755620, at *2 (D. Minn. Feb. 25, 2016).  To survive a motion to dismiss for insufficient service, "a plaintiff must plead sufficient facts to support a reasonable inference the defendant" has been properly served.  *See Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (internal marks omitted) (citation omitted).  A plaintiff bears the burden of proof on the issue of service by a preponderance of the evidence that service was proper.  *Id.*

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaint must be taken as true.  *See Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  In addition, a court must afford the plaintiff all reasonable inferences from those allegations.  *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  At the same time, to withstand a motion to dismiss under

Rule 12(b)(6), litigants must properly plead their claims under Federal Rule of Civil Procedure 8 and meet the principles articulated by the United States Supreme Court in *Iqbal* and *Twombly*.

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[T]he plausibility standard, which requires a federal court complaint to state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted). "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

Following *Twombly* and consistent with *Iqbal*, the Eighth Circuit explained:

> While a plaintiff need not set forth "detailed factual allegations," *Twombly*, 127 S. Ct. at 1964, or "specific facts" that describe the evidence to be presented, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam), the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. *Twombly*, 127 S. Ct. at 1965 n. 3. A district court, therefore, is not required "to divine the litigant's intent and create claims that are not clearly raised," *Bediako*, 354 F.3d at 840, and it need not "conjure up unpled allegations" to save a complaint. *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (internal quotation omitted).

*Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009).

If matters outside the pleadings "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). While matters "outside the pleadings" may not be considered in deciding a Rule 12 motion to dismiss, documents "necessarily embraced by the complaint are not matters outside the pleading." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). Thus, while courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned, without converting the motion into one for summary judgment. *Id.*; *see also Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

### III.   ANALYSIS

### A.   Whether Plaintiff Effectuated Proper Service

Defendants argue that Plaintiff has failed to effect proper service of the Summons and Complaint on the basis that Plaintiff himself attempted service.[3]  (Dkt. 23 at 2.)

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.*  "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant," *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citation omitted), even though a defendant "had actual notice of the lawsuit." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (citing *Printed Media Servs.*, 11 F.3d at 843).

On September 14, 2018, Judge Kelly issued an order requiring Lambros to cause process to be served on Defendants and to provide proof of service or file a motion for additional time to serve Defendants by October 19, 2018, under the threat of possible dismissal pursuant to Federal Rule of Civil Procedures 4(m).[4]  (Dkt. 3.)  After receiving

---

[3]   Defendants appear to be relying on the same argument with respect to service as that set forth in Defendants' initial motion to dismiss.  (Dkt. 10.)

[4]   Rule 4(m) provides in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made

10

an extension, Lambros filed an affidavit of service, which provides in relevant part as follows:

> Plaintiff mailed all Defendants copy of the summons and complaint on October 6, 2018, via U.S. Certified Mail, return receipt requested. See attached copy of U.S. Postal Service certified mailing slips - stamped - and copy of cash register receipt of transaction exhibiting full payment which included payment for RETURN RECEIPT OF SIGNED CERTIFIED MAILING.
>
> October 9, 2018: Defendant U.S. Bureau of Prisons, Attn: General Counsel, 320 1st Street, NW, Washington, DC 20534, received copy of the summons and complaint. Plaintiff has not received copy of the return receipt No. 7018-1830-0001-0468-4272, in the mail. Movant did download the U.S. Postal Service Tracking service history, which states the summons and complaint were delivered on Tuesday, October 9. 2018 at 12:16 pm. See, attached copy of USPC Tracking notification and AFFIDAVIT OF MAILING.

(Dkt. 6 ¶¶ 4-5 (emphases in original omitted).)

In his opposition to the present Motion to Dismiss, Lambros argues that he believes he met Judge Kelly's requirements with respect to proper service. (Dkt. 29 at 8-9.) Federal Rule of Civil Procedure (4)(i) applies when a plaintiff attempts service on "the United States and its Agencies, Corporations, Officers, or Employees." A plaintiff who seeks to file an action against a United States agency must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States a party, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant

---

within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

> United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Moreover, Rule 4(c)(2) states that a summons and complaint may be served only by a "person who is at least 18 years old and [is] not a party." Fed. R. Civ. P. 4(c)(2); *see also* Minn. R. Civ. P. 4.02 ("Unless otherwise ordered by the court, the sheriff or any other person not less than 18 years of age and not a party to the action, may make service of a summons or other process."). Even assuming Lambros met the service requirements of Rule 4(i)(1), his act of mailing the Summons and Complaint via certified mail himself does not meet the requirements for effective service under Rule 4(c)(2):

> Here, Hamilton-Warwick's attempt at service was ineffective because she is a party to the action and nonetheless attempted to serve the defendants herself—she did not use a third-party process server. Hamilton-Warwick argues that she did not run afoul of subsection (c)(2)'s requirements because it was the U.S. Postal Service who served the papers, not her. The Court disagrees. While Hamilton-Warwick did send the summons and complaint through the mail, her use of the mail was how she attempted service; it did not change who was making the attempt. *See Regis v. Devi*, No. 12-1673, 2013 WL 2436888, at *3 (D. Minn. June 4, 2013) (holding that a party who attempted service via the mail was inappropriately attempting service on their own); *Otto v. United States*, No. 5-2319, 2006 WL 2270399, at *2 (D.D.C. 2006) (explaining that while "Rule 4(i) may govern how service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing who may effect service").

12

*Hamilton-Warwick v. U.S. Bancorp*, No. CV 15-2730 (JRT/HB), 2016 WL 740257, at *2 (D. Minn. Feb. 24, 2016); *see also Balderas v. Nguyen*, No. 3:19-CV-2826-D, 2020 WL 2495889, at *2 (N.D. Tex. May 14, 2020) ("Further, Rule 4(c)(2) permits 'any person who is at least 18 years old and *not a party*' to serve the summons and the complaint. Rule 4(c)(2). Here, it is not clear whether Perla or plaintiffs attempted to effect service, and plaintiffs, as parties, are not permitted to serve defendants. If plaintiffs attempted to effect service via certified mail, service would be improper on this basis alone.") (cleaned up) (emphasis in original); *Reading v. United States*, 506 F .Supp. 2d 13, 19 (D.D.C. 2007) (finding that a pro se plaintiff violated Rule 4(c)(2) by personally effectuating service on defendant via certified mail) (citation omitted).

Given that Lambros, despite being given an extension of time to effectuate service, has failed to properly serve Defendants, the Court recommends dismissal of the Complaint.[5] *See* Fed. R. Civ. P. 4(m). In any event, even if Lambros was able to effectuate proper service, the Complaint should nevertheless be dismissed for the reasons set forth below.

**B.      Constitutional Claims for Monetary Relief**

Defendants argue that any claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), against the United States, its agencies, and employees for monetary relief arising out violations of the Constitution based on Lambros' alleged

---

[5]      While Lambros intimates that Judge Kelly denied the initial motion to dismiss as to the insufficient service of process argument (Dkt. 29 at 9), Judge Kelly found that Defendants could raise their additional arguments (including their insufficient service of process argument) with the transferee court. (Dkt. 17 at 5.)

13

unlawful incarceration are barred by sovereign immunity. (Dkt. 23 at 6-7.) Lambros does not argue in his opposition to the Motion that he is entitled to monetary relief arising out of any constitutional or treaty violation under *Bivens*, instead his Complaint and opposition focus on his entitlement to monetary relief via the FTCA under which the United States has waived sovereign immunity. (Dkt. 29 at 9-10.) Indeed, such claims are barred as it "is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (citing *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982)); *see also Stackhouse v. United States*, No. CIV. 09-839 PJS/JSM, 2011 WL 820885, at \*6 (D. Minn. Feb. 11, 2011), *R.&R. adopted*, 2011 WL 778969 (D. Minn. Mar. 1, 2011) (finding that the plaintiff cannot assert a *Bivens* claim against the United States or the BOP, as an agency of the United States, under the doctrine of sovereign immunity). Moreover, the Court lacks subject matter jurisdiction to the extent that Lambros is attempting to characterize his claims as constitutional torts under the FTCA. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994) (stating that the "United States simply has not rendered itself liable under [28 U.S.C. §] 1346(b) for constitutional tort claims"); *see also Cox v. United States*, Case No. 17-cv-4773 (SRN/SER), 2018 WL 3581719, at \*2 (D. Minn. June 28, 2018) (holding that "the Court lacks subject-matter jurisdiction over Cox's FTCA claim because he presented it as a violation of his constitutional rights, a claim for which the United States has not waived its sovereign immunity").

14

As such, any claims in the Complaint for monetary relief arising out of alleged constitutional violations by Defendants should be dismissed.[6]

## C.     Request for Declaratory Relief

As set forth above, Lambros seeks a declaratory judgment stating that the United States of America and the BOP violated the Treaty of Extradition with Brazil by committing the acts of false arrest and false imprisonment by detaining, arresting, convicting, and incarcerating Plaintiff Lambros on the 1989 Warrant.  (Dkt. 1 ¶ 69.) Defendants argue that Lambros' request for declaratory relief is moot because he is no longer subject to the 1989 Warrant.  (Dkt. 23 at 11-12.)  Lambros asserts that he is still entitled to seek a declaration of his rights, but also acknowledges that declaratory relief is prospective.  (Dkt. 29 at 14.)

The Eighth Circuit has held that "[p]laintiffs seeking prospective relief based on past actions must show 'a real and immediate threat that they would again suffer similar injury in the future.'"  *Mitchell v. Dakota Cty. Soc. Servs.,* 959 F.3d 887, 896 (8th Cir. 2020)) (quoting *Mosby v. Ligon*, 418 F.3d 927, 933 (8th Cir. 2005)) (cleaned up). Declaratory relief is a form of prospective relief.  *See Los Angeles Cty., Cal. v.*

---

[6]     To the extent that Lambros is seeking monetary relief under an extradition treaty between the United States and Brazil, the Court notes that even where a treaty creates federal law, "the background presumption is that '[i]nternational agreements, even those directly benefiting private persons, generally do not create private rights or provide for a private cause of action in domestic courts' and courts 'have presumed that treaties do not create privately enforceable rights in the absence of express language to the contrary.'" *Medellin v. Texas*, 552 U.S. 491, 506 (2008) (citations omitted).  Lambros does not set forth any cause of action for monetary relief afforded by the express language of any treaty between the United States and Brazil that is applicable to him under the facts of this case.

15

*Humphries*, 562 U.S. 29, 31 (2010).  There is no dispute that Lambros has been released from incarceration and there is no allegation that he will be taken into custody again based on the 1989 Warrant.  As such, the Court finds that the request for declaratory relief (or any request for injunctive relief) is moot and any such request for relief or judgment should be dismissed.  *See Senty-Haugen v. Goodno*, 462 F.3d 876, 889 (8th Cir. 2006) (holding that a prisoner's claims for injunctive and declaratory relief related to the conditions of his imprisonment while in isolation were moot after the prisoner's period of isolation ended); *see also Scher v. Chief Postal Inspector*, 973 F.2d 682, 683 (8th Cir. 1992) (citations omitted) (holding that a former inmate's request for declaratory and injunctive relief under *Bivens* was moot because the inmate was no longer in prison).

**D.     FTCA Claim for Damages Against the BOP**

Lambros asserts a FTCA claim against the United States and the BOP.  However, a FTCA claim cannot be brought against a federal agency.  *See Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) ("Because a federal agency cannot be sued under the Federal Tort Claims Act, the United States is the proper defendant.") (citing *Meyer*, 510 U.S. at 476-77); 28 U.S.C. § 2679(a) (providing that the FTCA does not "authorize suits against [a] federal agency").  Therefore, the FTCA claim against the BOP should be dismissed.

**E.     FTCA Claim for Damages Against the United States**

The United States argues that Lambros' FTCA claim against it for the actions of its employees for allegedly wrongfully confining him on the 1989 Warrant should be dismissed because the United States is entitled to immunity under the FTCA as the

employees of the USPC and the BOP whose alleged acts form the basis of Lambros' claims are entitled to quasi-judicial immunity. (Dkt. 23 at 9-10.) Lambros argues that he is entitled relief under the FTCA arising out his illegal assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution as the result of Defendants acting on the 1989 Warrant. (Dkt. 29 at 10.) Lambros also argued that Defendants' negligent or intentional acts that injured him were the result of "faulty training, selection or supervision—or even less than that, lack of careful training, selection or supervision—in the United States." (Dkt. 29 at 11.)

The FTCA is a limited waiver of the United States' sovereign immunity and provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); *see also Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). Given that the United States' liability under the FTCA is based on the liability of its employees, the United States is entitled to assert any defense that would be available to its employees:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

28 U.S.C. § 2674.

Lambros does not contest the fact that he was extradited to the United States for reasons independent of the 1989 Warrant. He alleges in the Complaint that he was

17

extradited and ultimately convicted for a number of crimes related to the possession and distribution of narcotics. (Dkt. 1 ¶ 9.) Indeed, in his opposition he acknowledges that he could only be prosecuted for the crimes he committed independent of the 1989 Warrant. (Dkt. 29 at 13.) The gravamen of Lambros' Complaint is that he was incarcerated longer than he should have been based on the USPC's wrongful 1994 Order to continue his incarceration based on the 1989 Warrant, for which there was no extradition, and Warden Fox's enforcement of that Order even after the service of his sentence for his narcotics convictions had expired pending a decision to revoke parole by the USPC.

Parole board officials are entitled to quasi-judicial immunity when they make decisions with respect to parole detainer warrants or decide to grant, deny, or revoke parole, as they perform functionally comparable tasks to judges in this capacity. *See Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006) ("Parole board members are entitled to absolute immunity when considering and deciding parole questions, as this function is comparable to that of judges.") (string citation omitted); *see also Malik v. Morgan*, No. 3:17-CV-05875-RBL, 2018 WL 1963797, at *2 (W.D. Wash. Apr. 26, 2018) (citations omitted); *Mowatt v. U.S. Parole Comm'n*, 815 F. Supp. 2d 199, 206 (D.D.C. 2011) (dismissing claims against USPC case analyst who "assisted the Commission in issuing a parole violator warrant for Plaintiff's arrest" because these were "exactly the sorts of activities intertwined with the exercise of quasi-judicial power for which absolute immunity is afforded") (citations omitted); *see generally*, *Lewis v. United States*, No. CV 18-42-BU-BMM-JCL, 2018 WL 4926294, at *2 (D. Mont. July 18, 2018), *R.& R. adopted*, 2018 WL 4251865 (D. Mont. Sept. 6, 2018) (applying absolute

18

quasi-judicial immunity from liability to an FTCA claim); *Schlabach v. United States*, No. CV-12-0618-JLQ, 2013 WL 1619829, at *3 (E.D. Wash. Apr. 15, 2013) (same). This immunity can extend the law enforcement officers, such as those working under the BOP, who are integral in enforcing quasi-judicial decisions.[7] *See Bickel v. Sheriff of Whitley Cty.*, No. 1:08-CV-102-TS, 2010 WL 1258165, at *10 (N.D. Ind. Mar. 26, 2010) (citing *Richman v. Sheahan*, 270 F.3d 430, 436 (7th Cir. 2001)) ("The primary function of quasi-judicial immunity is to protect judicial or quasi-judicial decision making, which can either be discretionary conduct by a quasi-judicial body (like a parole board) or

---

[7] The Court notes that Defendants, relying on 28 U.S.C. § 2680(h) of the FTCA, also argue that although Lambros has raised claims of "fraud and artifice" and asserts that Defendants engaged in a pattern of improper legal practices through misrepresentations, omissions, and false innuendo, there is no waiver of sovereign immunity for fraud, false representation, or misrepresentation under the FTCA.  (Dkt. 23 at 8.)  Section 2680(h) excludes from the FTCA "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).  As Lambros correctly point out, there is an exception to this rule under the FTCA, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, arising out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.  *Id.*  For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id*.  Courts have concluded that as used in §2680(h), a BOP official is a federal law enforcement officer while Parole Commission officials are not.  *See Carter-El v. D.C. Dep't of Corrs.*, 893 F. Supp. 2d 243, 247 (D.D.C. 2012*), aff'd*, 2013 WL 3367416 (D.C. Cir. July 5, 2013) (per curiam) ("Since § 2680(h) of the FTCA permits a claim of false imprisonment to be brought only against United States officers 'empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law,' authority which the Parole Commission officials lack, the Court finds that it lacks jurisdiction over the plaintiff's false imprisonment claim against the Parole Commission."); *Farmer v. Jacobsen*, No. 97-2562 RHK RLE, 1998 WL 957237, at *5 (D. Minn. Nov. 30, 1998) (citations omitted).  As such, while Lambros may not be entitled to relief for claims of fraud under § 2680(h) or claims against the USPC for false arrest and imprisonment, it may not preclude a FTCA claim for false arrest and imprisonment related to the BOP's actions.

19

conduct by persons who are integral to the judicial process but whose conduct is not "functionally comparable" to a judge's (like a law enforcement officer enforcing a foreclosure judgment)."); *see also Khan v. Holder*, 134 F. Supp. 3d 244, 253-54 (D.D.C. 2015).

Given that Warden Fox and other unnamed BOP officials were acting pursuant to the USPC's quasi-judicial actions relating to the 1994 Order on the applicability of the 1989 Warrant and subsequent parole revocation hearing decision, the Court finds that Lambros' FTCA claim should be dismissed as being barred by quasi-judicial immunity.

## IV.   RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Dkt. 22) be **GRANTED**.

2. That the Complaint be **DISMISSED WITHOUT PREJUDICE**.

DATED: July 20, 2020
*s/ Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).