UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN GREGORY LAMBROS

        Plaintiff,

v.                  **MEMORANDUM OPINION
                            AND ORDER**
                  Civil File No. 19-1870 (MJD/ECW)

UNITED STATES OF AMERICA,

        Defendant.

John Gregory Lambros, Pro Se.

Ana H. Voss, Assistant United States Attorney, Counsel for Defendant.

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment Under Federal Rules of Civil Procedure 59(e).  [Doc. No. 35]

**II.    BACKGROUND**

Plaintiff was extradited from Brazil to the United States in 1992 in connection with cocaine-related charges.  (Comp. ¶ 7.)  Plaintiff was also charged with travel in interstate commerce in carrying out illegal activity and had an outstanding warrant from 1989, but he was not extradited on those charges.  (Id.) A jury found Plaintiff guilty of four cocaine-related offenses in 1993 and was

1

ultimately sentenced to 360 months in prison.  See United States v. Lambros, 124 F.3d 209, 1997 WL 538013 (8th Cir. Sep. 2, 1997).

On May 29, 2018, Plaintiff filed this action in the United States District Court, District of Columbia.  The action was thereafter transferred to the District of Minnesota.  (Doc. No. 17 (Order dated June 24, 2019)).  Upon transfer, the government moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.  The motion was referred to Magistrate Judge Elizabeth Cowan Wright, who recommended the motion be granted and the complaint be dismissed without prejudice.  (Doc. No. 31 (R&R at 20).)  The Court approved the Report and Recommendation and granted the government's motion to dismiss.  (Doc. No. 33.)

### III.   DISCUSSION

"Rule 59(e) motions serve a limited function of 'correcting manifest errors of law or fact or to present newly discovered evidence.'"  Innovative Home Health Care, Inc. v. P.T.–O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (citation omitted).  This type of motion "cannot" be used to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered" prior to issuance of the judgment it seeks amend.  Id.

Plaintiff raises two main arguments in his motion.  First, Plaintiff asserts that the government is not entitled to absolute immunity because it acted in violation of the extradition treaty in force between Brazil and the United States when it violated the conditions of the extradition by charging him with a crime, and placing a detainer on him, for which he was not extradited.  Second, Plaintiff asserts that the Bureau of Prisons mail policies deprived him of the capacity to conform to the service of process requirements of Fed. R. Civ. P. 4(c).

These arguments were previously raised in his objections to the Report and Recommendation.  Plaintiff does not cite to an intervening change in the law or otherwise demonstrate that the Court's previous order was based on a manifest error of law or fact.  Nor does he cite to newly discovered evidence.  Accordingly, the Court finds that Plaintiff has not demonstrated that he is entitled to relief.

IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend Judgment Under Federal Rules of Civil Procedure Rule 59(e) [Doc. No. 35] is **DENIED.**

Date:  November 18, 2020

                                              s/ Michael J. Davis
                                              Michael J. Davis
                                              United States District Court